[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 5, 2010
JOHN LEY
CLERK

No. 08-15043
Non-Argument Calendar
_____

D. C. Docket No. 08-60764-CV-JAL

REGIS BUTLER,

Plaintiff-Appellant,

versus

BROWARD COUNTY CENTRAL EXAMINING BOARD,
BOB SALISBURY,
Chairman,
THOMAS SIDOTI,
DON HOMER,
BOB YOUNG, Members, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 5, 2010)

Before BLACK, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Regis Butler, appearing pro se, appeals the district court's dismissal of her 42 U.S.C. § 1983 civil rights complaint, with prejudice, for failure to state a claim and for failure to comply with a court order, under Federal Rules of Civil Procedure 12(b)(6) and 41(b), respectively. On appeal, Butler argues that the district court erred when it dismissed her complaint for failure to state a claim without first considering documents that were submitted in a previous civil rights lawsuit. Butler also contends that the district court erred when it dismissed her complaint without first receiving the defendants' answer.

We review *de novo* the dismissal of a complaint under Rule 12(b)(6), "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Swann v. S. Health Partners, Inc., 388 F.3d 834, 836 (11th Cir. 2004). Dismissals under Rule 41 are reviewed for abuse of discretion. Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999). Courts are not allowed to act as de facto counsel or to rewrite a deficient pleading. GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). Moreover, the legal parameters of a lawsuit cannot be expanded sua sponte by the district court. Id.

When the district court has before it a Rule 12(b)(6) motion to dismiss for failure to state a claim, it is "limited primarily to the face of the complaint and attachments thereto." Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1368 (11th Cir. 1997). The defendant's time frame for filing an answer is stayed pending the district court's disposition of the pending motion to dismiss. Fed. R. Civ. P. 12(a)(4)(A).

Here, the district court had no duty to seek out and consider documents submitted in a previous civil rights lawsuit in order to determine whether Butler's complaint stated a claim pursuant to Rule 12(b)(6). Whether the documents in Butler's previous lawsuit established a claim or not, it is not the district court's role to act as Butler's de facto counsel and sua sponte seek out those documents in order to rewrite her pleadings. If Butler wanted the district court to consider the documents, she could have attached them as exhibits to her complaint, or presented them to the district court in her response, so that the 12(b)(6) motion would be treated as one for summary judgment. See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). In addition, the defendants were not required to file an answer because the district court dismissed the case for failure to state claim. Upon

3

finding that Butler had not properly stated a claim, the district court was permitted to manage its own docket by dismissing Butler's complaint "so as to achieve the orderly and expeditious disposition of cases." Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 2132 (1991)). Because the district court's actions were proper, they do not show a pattern and practice of judicial abuse of power or bias, as Butler appears to allege.

Accordingly, finding no error below, we affirm.

**AFFIRMED.**[1]

---

[1] Appellant's request for oral argument is DENIED.