FILED
United States Court of Appeals
Tenth Circuit

July 27, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WILLIAM A. COYLE,

     Plaintiff - Appellant,

v.

CYNTHIA A. JACKSON, NP (official and individual); BRIAN "DOE" (official and individual),

     Defendants - Appellees.

No. 17-1152
(D.C. No. 1:17-CV-00333-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

William A. Coyle, a pro se litigant,[1] appeals from the district court's dismissal without prejudice of his second amended complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. And because we agree with the district court that this

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Coyle is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[T]his rule of liberal construction stops, however, at the point at which we begin to serve as his advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

appeal was not taken in good faith, we deny Mr. Coyle's request for *in forma pauperis* status on appeal.

## I.   BACKGROUND

Mr. Coyle filed a complaint in the United States District Court for the District of Colorado asserting that he was discharged from a treatment center in Littleton, Colorado, in October 2014 because of his color, religion, and disability, in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and various criminal statutes. His complaint did not name specific defendants, but simply stated "WHOS NAME IS UNKNOWN, and WHOS NAME IS UNKNOWN."

A magistrate judge concluded the complaint was deficient because Mr. Coyle (1) failed to identify whom he was suing and (2) failed to comply with Rule 8 of the Federal Rules of Civil Procedure by not "alleg[ing] specific facts in support of his claims that demonstrate he was the target of any unlawful discrimination on the basis of his color, religion, or disability." The judge noted that although we liberally construe pro se plaintiff's pleadings, we are not "required to guess in order to determine what claims are being asserted and what specific factual allegations support those claims." The magistrate judge ordered Mr. Coyle to file an amended complaint within thirty days.

Mr. Coyle filed a motion to reconsider,[2] arguing that amending his complaint "would potentially devalue" the purpose of his original complaint. The magistrate

---

[2] Mr. Coyle also filed a motion for a temporary restraining order asserting that Cynthia A. Jackson, a person not named as a defendant in the complaint, participated

2

judge denied the motion to reconsider because Mr. Coyle "cite[d] no authority that would allow him to proceed in this action without complying with the pleading requirements of Rule 8."

Mr. Coyle then filed an amended complaint, listing Cynthia A. Jackson and Brian "Doe" as defendants. But the magistrate judge concluded the "claims asserted in the amended complaint appear to be identical to the claims asserted in the original complaint." The judge then provided Mr. Coyle "one more opportunity to file an amended pleading that complies with the pleading requirements of Rule 8 as previously directed."

Mr. Coyle then filed a second amended complaint. A district court judge concluded that Mr. Coyle's claims continued to "lack specific factual allegations that demonstrate his rights have been violated." The court noted that despite giving Mr. Coyle two opportunities to amend the complaint and specific instructions to include a short and plain statement of any claims showing he is entitled to relief, he still failed to comply with Rule 8 because his "disjointed, confusing, vague, and conclusory factual allegations do not provide fair notice of the specific claims he is asserting against Defendants."

Accordingly, the district court judge dismissed Mr. Coyle's complaint without prejudice. The court further certified that because any appeal from its order would

---

in the alleged violations of Mr. Coyle's rights. The magistrate judge denied this motion because Ms. Jackson was not named as a party to the lawsuit and Mr. Coyle's "vague and conclusory allegations" did not demonstrate an immediate and irreparable injury that would entitle him to a temporary restraining order.

not be taken in good faith, *in forma pauperis* status would be denied on appeal.

Mr. Coyle now appeals, and moves for *in forma pauperis* status on appeal.

## II.    DISCUSSION

Federal Rule of Civil Procedure Rule 41(b) authorizes a district court[3] to dismiss an action that fails to comply with any aspect of the Federal Rules of Civil Procedure. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). The district court concluded Mr. Coyle failed to comply with Rule 8, and we must affirm this dismissal unless we conclude the district court abused its discretion. *Id.* at 1161–62. We are especially deferential where, as here, the district court dismissed the complaint without prejudice. *See id.* at 1162 ("Employing Rule 41(b) to dismiss a case without prejudice for failure to comply with Rule 8 of course allows the plaintiff another go . . .; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."); *see also Carbajal v. City and Cty. of Denver*, 502 F. App'x 715, 716 (10th Cir. 2012) (unpublished) ("A dismissal without prejudice under Rule 8 is within the sound discretion of the trial court." (quoting *Atkins v. Nw. Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992))). A district court abuses its discretion when it "issues an arbitrary, capricious, whimsical, or manifestly

---

[3] Although the text of Rule 41(b) requires the *defendant* to file the motion to dismiss, "the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003). Accordingly, we reject Mr. Coyle's argument on appeal that the district court could not sua sponte dismiss his claims.

unreasonable judgment." *Rocky Mountain Christian Church v. Bd. of Cty. Comm'rs*, 613 F.3d 1229, 1239–40 (10th Cir. 2010) (internal quotation marks omitted).

Here the district court cited heavily from Mr. Coyle's second amended complaint and concluded that—even after two warnings and two opportunities to correct the deficiencies—Mr. Coyle still failed to connect specific facts to a violation of any legally recognized right. The court concluded these "disjointed, confusing, vague, and conclusory factual allegations do not provide fair notice of the specific claims he is asserting against Defendants."

Mr. Coyle contends the district court failed to construe his pro se pleadings liberally. We disagree. Both the magistrate judge and the district court judge specifically noted they were construing Mr. Coyle's pleadings liberally, but, as the magistrate judge correctly pointed out, "[v]ague and conclusory allegations that his rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings." And we have emphasized that it is "not the district court's job to stitch together cognizable claims for relief from . . . wholly deficient pleading[s] . . . [and] we are loath to reverse a district court for refusing to do the litigant's job." *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). After thoroughly reviewing Mr. Coyle's pleadings below, we cannot conclude the district court abused its discretion in dismissing Mr. Coyle's second amended complaint for failure to comply with Rule 8.

Mr. Coyle's remaining arguments on appeal are meritless. He first contends that he did not consent to the magistrate judge's involvement in his case as required by

5

28 U.S.C. § 636. But the magistrate's involvement in this case did not implicate the subdivisions of § 636 requiring parties' consent. Instead, the district court has authority to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to certain exceptions not applicable here. 28 U.S.C. § 636(b)(1)(A). And this authority does not require the parties' consent.

Next, Mr. Coyle argues the district court erred in not requiring the defendants to answer the complaint within twenty-one days of his complaint, as required by Federal Rule of Procedure 12.[4] Mr. Coyle also contends the court unfairly advocated for the defendants by dismissing the complaint before the defendants answered. But the court enjoyed discretion to dismiss the complaint without requiring defendants to answer the complaint. *Cf. Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1992) (explaining that a district court is allowed to manage its docket by sua sponte dismissing a complaint "so as to achieve the orderly and expeditious disposition of cases"); *see also Butler v. Broward Cty. Cent. Examining Bd.*, 367 F. App'x 991, 993 (11th Cir. 2010) (unpublished) ("[T]he defendants were not required to file an answer because the district court dismissed the case for failure to state [a] claim.").

Lastly, Mr. Coyle contends the district court unfairly denied him leave to proceed *in forma pauperis* on appeal. The district court concluded that any appeal from its order would not be taken in good faith, and because Mr. Coyle has failed to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the

---

[4] Mr. Coyle also asserts that the district court violated defendants' due process rights, but he lacks standing to assert their constitutional rights.

6

issues raised on appeal," *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991), we agree with the district court. Mr. Coyle has utterly failed to address the deficiencies in his second amended complaint that led to the district court's dismissal of his claims without prejudice, and none of the errors Mr. Coyle alleges on appeal demonstrates an abuse of discretion.

## III.    CONCLUSION

We AFFIRM the district court's dismissal without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. And because we agree with the district court that this appeal was not taken in good faith, we DENY Mr. Coyle's request to proceed *in forma pauperis* on appeal.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

7