FILED
United States Court of Appeals
Tenth Circuit

September 25, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

VICTORIA CARBAJAL; DEAN CARBAJAL; LUIS LEAL,

        Plaintiffs–Appellants,

v.

CITY AND COUNTY OF DENVER, a political subdivision of the State of Colorado; MITCHELL R. MORRISSEY, District Attorney for the Second Judicial District, in his individual and official capacity; ANNE M. MANSFIELD, District Court Judge for the Second Judicial District, in her individual and official capacity; REBEKAH MELNICK, Deputy District Attorney for the Second Judicial District, in her individual and official capacity; LARA MULLIN, Deputy District Attorney for the Second Judicial District, in her individual and official capacity; ROBERT FULLER, Investigator for the Second Judicial District, in his individual and official capacity; EDWARD D. BROFIN, Magistrate Judge for the Second Judicial District, in his individual and official capacity; UNKNOWN COURT REPORTER, Court Reporter for the Second Judicial District, in her individual and official capacity; UNKNOWN TRANSCRIBER, Transcriber for the Second Judicial District, in her individual and official capacity,

        Defendants–Appellees.

No. 12-1090

(D.C. No. 1:11-CV-02826-LTB)

(D. Colorado)

**ORDER AND JUDGMENT***

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Plaintiffs appeal from the district court's dismissal of their pro se § 1983 case for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. A magistrate judge reviewed Plaintiffs' first amended complaint and found it confusing, prolix, and repetitive, and Plaintiffs were accordingly ordered to file an amended complaint that complied with the pleading requirements of Rule 8. However, Plaintiffs' second amended complaint failed to resolve these concerns to the district court's satisfaction. The court concluded that the second amended complaint still failed to give Defendants fair notice of the specific claims asserted against them because it was prolix, confusing, and conclusory, and failed to provide specific allegations regarding how each named Defendant allegedly violated Plaintiffs' rights. The court therefore dismissed the action without prejudice.

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"A dismissal without prejudice under Rule 8 is within the sound discretion of the trial court." *Atkins v. Nw. Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007) ("Employing Rule 41(b) to dismiss a case without prejudice for failure to comply with Rule 8 of course allows the plaintiff another go at trimming the verbiage; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Under Rule 8, the complaint should contain "a short and plain statement of the claim"—"plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted," and "short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (internal quotation marks and brackets omitted). When a complaint falls short of these requirements, it is "not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading[,] . . . [and] we are loath to reverse a district court for refusing to do the litigant's job." *Mann*, 477 F.3d at 1148. Plaintiffs' second amended complaint is vague, confusing, and verbose. We conclude that the district court did not abuse its discretion by dismissing the action without prejudice.

Plaintiffs argue on appeal that the district court was not authorized to dismiss the

action because a court may not review a pleading for its compliance with Rule 8 when the requisite filing fee has been paid in full. However, regardless of filing status, the court was authorized under Rule 41(b) to dismiss the action for failure to comply with Rule 8. *See Nasious*, 492 F.3d at 1162; Fed. R. Civ. P. 41(b). Plaintiffs further contend the dismissal of their case was unauthorized because the case should have been assigned to a different district court judge pursuant to a local procedural rule regarding repeat pro se litigants. However, we conclude that any deviation from this local procedural rule did not affect the court's jurisdiction. And, to the extent Plaintiffs are seeking to raise a non-jurisdictional challenge regarding the case assignment, this issue was forfeited by Plaintiffs' failure to object to the assignment below. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).

For the foregoing reasons, the district court's dismissal without prejudice is **AFFIRMED**. Plaintiffs' motions to proceed *in forma pauperis* on appeal are **DENIED AS MOOT**, since the requisite filing fee has already been paid in full.

Entered for the Court


Monroe G. McKay
Circuit Judge

-4-