FILED
United States Court of Appeals
Tenth Circuit

August 16, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DEAN CARBAJAL,

     Plaintiff - Appellant,

v.

MICHAEL O'NEILL, Police Officer
for the Denver Police Department;
JAY LOPEZ, Police Officer for the
Denver Police Department; LARRY
BLACK, Police Officer for the
Denver Police Department, in their
individual capacities,

     Defendants - Appellees.

No. 16-1409
(D.C. No. 1:12-CV-02257-PAB-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

Mr. Dean Carbajal was allegedly beaten and catheterized, against his

will, to provide a urine sample to three police officers. The alleged

incident led Mr. Carbajal to sue. Mr. Carbajal lost, and the district court

---

[*]     We conclude that oral argument would not materially help us to
decide this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
Thus, we are deciding the appeal based on the briefs.

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But our order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

awarded attorney fees to three police officers who had been among the defendants. Mr. Carbajal unsuccessfully moved to reconsider the fee award. He now appeals the fee award and the denial of the motion to reconsider. We conclude that the appeal is frivolous.

## I.    Background

Mr. Carbajal sued the City and County of Denver, medical personnel, and three Denver police officers. The claims include excessive force, unreasonable search and seizure, invasion of privacy, conspiracy, and outrageous conduct. The district court dismissed all of the claims except the ones against the three police officers for excessive force.[1]

The excessive-force claims went to trial and resulted in a jury verdict for the police officers. The district court granted judgment on the verdict, and the police officers obtained an award of $82,674 in attorney fees. Days later, the district judge recused from further proceedings because he thought that Mr. Carbajal had testified falsely and was "a chronic and habitual liar." R., vol. IX at 56.

After the time had expired to appeal the underlying fee order, Mr. Carbajal filed a motion for reconsideration, claiming bias and the

---

[1]    Mr. Carbajal appealed the dismissals, and we dismissed the appeal. *Carbajal v. Swan*, No. 15-1349 (10th Cir. Sep. 26, 2016) (unpublished). Mr. Carbajal challenges our dismissal of that appeal, but our earlier dismissal constitutes the law of the case. *See Ford v. Pryor*, 552 F.3d 1174, 1179 (10th Cir. 2008).

discovery of new evidence. A newly assigned district judge denied the motion, and Mr. Carbajal appealed.

## II.    Scope of Review

In this appeal, Mr. Carbajal challenges not only the denial of reconsideration but also the underlying fee order. Our jurisdiction is limited to the denial of reconsideration because Mr. Carbajal appealed too late to challenge the award of attorney fees.

To challenge that award, Mr. Carbajal had 30 days to appeal. *See* Fed. R. App. P. 4(a)(1)(A). The 30-day deadline could be tolled by the filing of a timely motion under Fed. R. Civ. P. 60(b). *See* Fed. R. App. P. 4(a)(4)(A)(vi). To be timely, the Rule 60(b) motion must be filed within 28 days of the underlying order. *Id.* Was the motion for reconsideration, in substance, a Rule 60(b) motion? We can assume so. But was this motion timely?

It was not. The motion would have been timely if it had been filed within 28 days of the fee order, but Mr. Carbajal had waited 37 days. Because Mr. Carbajal had waited more than 28 days, his motion for reconsideration did not toll the deadline to appeal the underlying fee order. *See Lebahn v. Owens*, 813 F.3d 1300, 1304 (10th Cir. 2016) ("A . . . Rule 60 motion filed outside of this [28]-day window . . . does not enlarge a party's time to appeal."). And, without tolling, Mr. Carbajal appealed too late to challenge the underlying award of attorney fees. Thus, our

3

jurisdiction is confined to the denial of reconsideration. *See id.* at 1305 ("[A]n appeal from denial of Rule 60(b) relief raises for review only the district court's order of denial and not the underlying judgment itself." (internal quotation marks omitted)).[2]

## III.  Invalidity of Mr. Carbajal's Appellate Arguments

In considering the denial of reconsideration, we apply the abuse-of-discretion standard. *See id.* Applying this standard, we conclude that the district court did not abuse its discretion in declining to reconsider its award of attorney fees. But even under any other conceivable standard, this appeal would be legally frivolous.

Under Rule 60(b), reconsideration of the fee award would be available only in exceptional circumstances. *See Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005). The resulting issue is whether Mr. Carbajal's criticisms of the fee award entailed exceptional circumstances. These criticisms are two-fold: (1) The district judge was biased when entering the fee award, and (2) one defense witness had testified falsely. Both criticisms are meritless.

---

[2]     Mr. Carbajal also argues that he filed a separate notice of appeal that preserved his challenge to the award of attorney fees. But that notice of appeal was docketed as filed on September 24, 2015, before the district court awarded attorney fees.  As a result, the notice of appeal did not encompass the order for attorney fees.

4

First, Mr. Carbajal alleges that the district judge was biased when he entered the fee award. For this allegation, Mr. Carbajal argues that the district judge

- showed bias when stating during the trial that he had once been a city attorney and

- ultimately admitted his own bias by recusing.

We cannot consider the alleged statement during the trial because Mr. Carbajal failed to include this argument in his motion for reconsideration or to urge plain error review on appeal. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011).

Mr. Carbajal also cites the recusal order as evidence of bias. But a judge's actions are ordinarily insulated from charges of bias when those actions are motivated by something that had happened during the trial. *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005). Here, the district judge recused himself based on something that had taken place during the trial (the development of a belief that Mr. Carbajal had given untruthful testimony). Because the recusal was motivated by something that had taken place during the trial, Mr. Carbajal's argument is meritless.

Mr. Carbajal also asserts that a defense witness had given false testimony. Absent is any explanation of how this testimony relates to the decision to award attorney's fees. But even if the falsity of testimony would have affected the fee award, Mr. Carbajal waited too long, for "a

5

Rule 60(b) motion is not an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at the time of the original argument." *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016).

For these reasons, we would reject Mr. Carbajal's two arguments under any conceivable standard of review.

## IV.   Characterization of the Appeal as Frivolous

We must dismiss the appeal if it is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Olson v. Coleman*, 997 F.2d 726, 728 (10th Cir. 1993) (internal quotation marks omitted).

Mr. Carbajal's arguments are wholly without merit. Consequently, we regard the appeal as frivolous. Because this appeal is frivolous, we deny leave to proceed in forma pauperis,[3] dismiss the appeal,[4] and assess

---

[3]    *See Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007) (conditioning leave to proceed in forma pauperis in part on "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal").

[4]    *See* 28 U.S.C. § 1915(e)(2)(B)(i).

6

one "strike."[5]

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[5]     28 U.S.C. § 1915(g). We need not calculate Mr. Carbajal's previous strikes.