**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 30, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

VICTORIA CARBAJAL; DEAN
CARBAJAL; LUIS LEAL,

      Plaintiffs - Appellants,

v.

BETH McCANN, District Attorney for the
Second Judicial District in her official
capacity;[*] MITCHELL R. MORRISSEY,
in his individual capacity; JEFFREY
WATTS, Investigator for the Second
Judicial District, in his individual capacity;
ROBERT FULLER, Investigator for the
Second Judicial District, in his individual
capacity; REBEKAH MELNICK, Deputy
District Attorney for the Second Judicial
District, in her individual capacity; LARA
MULLIN, Deputy District Attorney for the
Second Judicial District, in her individual
capacity; MILES FLESCHE, District
Administrator and Clerk for the Second
Judicial District, in his official capacity;
ANNE MANSFIELD, District Court Judge
for the Second Judicial District, in her
official and individual capacities;
MICHAEL MARTINEZ, District Court
Judge for the Second Judicial District, in
his official and individual capacities;
ANDREW KEEFER, Deputy Sheriff for
the Denver Sheriffs Department, in his
official and individual capacities;

No. 18-1132
(D.C. No. 1:12-CV-03231-PAB-KLM)
(D. Colo.)

_____

[*] Pursuant to Fed. R. App. P. 43(c)(2), Beth McCann is substituted for
Mitchell R. Morrissey, former District Attorney for the Second Judicial District, as
an appellant in this action with respect to the claims brought against Mr. Morrissey in
his official capacity.

MICHAEL SIMPSON, Detective for the Denver Police Department, in his official and individual capacities; JAY LOPEZ, Detective for the Denver Police Department; in his official and individual capacities; GILBERT HAGAN, Detective for the Denver Police Department, in his official and individual capacities; CAROL DWYER, a co-conspirator with the Second Judicial District Attorneys Office, in her individual capacity; WELLS FARGO, a corporation; JANELL KAVANAUGH, Vice President/investigator for Wells Fargo, in her individual capacity; BRIAN BERARDINI, a co-conspirator with the Second Judicial District Attorneys Office, in his individual capacity; MICHAEL CARRIGAN, a co-conspirator with the Second Judicial District Attorneys Office, in his individual capacity; MARIE WILLIAMS, a co-conspirator with the Second Judicial District Attorneys Office, in her individual capacity; PHILIP J. WEISER, Attorney General for the State of Colorado in his official capacity;[**] JOHN SUTHERS, in his individual capacity,

Defendants - Appellees.

_____

---

[**] Pursuant to Fed. R. App. P. 43(c)(2), Philip J. Weiser is substituted for John Suthers, former Attorney General for the State of Colorado, as an appellant in this action with respect to the claims brought against Mr. Suthers in his official capacity.

**ORDER AND JUDGMENT***
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Victoria Carbajal, Luis Leal, and Dean Carbajal, a Colorado inmate, all appearing pro se,[1] appeal from the district court's entry of final judgment in favor of Defendants in this 42 U.S.C. § 1983 action. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in part, reverse in part, and remand for further proceedings.

## I. Background

This case stems from Colorado's criminal prosecution of Mr. Carbajal in 2010 and 2011. The Colorado Court of Appeals summarized the result in its affirmance on direct appeal:

> The defendant, Dean Carbajal, and the victim dated for almost a year before they broke up in early 2010. Soon after the breakup, a court issued a protection order, prohibiting Carbajal from contacting the victim. Yet, Carbajal followed the victim for the next few months, showing up at her house and workplace. One night, Carbajal went to the victim's house and,

_____

*** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Plaintiffs appeal pro se, we construe their filings liberally but do not serve as their advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

3

according to her neighbors, was holding a knife, threatening to kill himself. The victim's neighbor called the police, who later found and arrested Carbajal.

A jury found Carbajal guilty of five counts of protection order violation, five counts of violating bail bond conditions, two counts of burglary, two counts of criminal trespass, one count of kidnapping, and two counts of harassment by stalking.

*People v. Carbajal*, No. 12CA0410, slip op. at 1 (Colo. App. June 30, 2016).[2]

But the jury acquitted Mr. Carbajal of one charged burglary count. Mr. Carbajal, together with his mother, Ms. Carbajal, and family friend, Luis Leal, then brought this wide-ranging action. They assert claims against police, prosecutors, judicial officers, and others for their alleged roles in connection with the burglary charge that did not result in a conviction and other related actions.

The following aspects of Mr. Carbajal's prosecution pertain to the arguments raised on appeal.

When the prosecutor Defendants initially filed charges against Mr. Carbajal, they did so by filing five cases in Denver County Court in August 2010. The County Court dismissed four of the cases by September 24, 2010, and transferred the remaining case to the Denver District Court. The prosecutors then moved to amend the complaint in the transferred case to include the charges brought in the dismissed cases. Mr. Carbajal

---

[2] Mr. Carbajal filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his conviction. The District of Colorado denied his application. *Carbajal v. Williams*, No. 18-cv-01501-PAB, 2019 WL 5084092, at *15 (D. Colo. Oct. 8, 2019). Mr. Carbajal is seeking to challenge that denial in appeal No. 19-1445, which remains pending.

4

claims that by filing the four dismissed cases—he calls them "shell" cases—the prosecution Defendants abused the criminal process. *See* Aplt. Opening Br. at 19.

As Mr. Carbajal prepared to attend an unrelated criminal case in January 2011, he alleges that Deputy Keefer conspired with investigator Watts and prosecutor Mullin to harass and use force against him to prevent him from mounting a defense and in retaliation for civil litigation he filed against Watts and others. Mr. Carbajal claims that Deputy Keefer then used excessive physical force against him.

In February 2011, prosecutors filed a motion to add charges related to an alleged July 2010 burglary. Mr. Carbajal contends that the investigators and prosecutors knew that he did not commit burglary in July 2010 and that by pursuing these charges various Defendants engaged in malicious prosecution and abused the criminal process.

Later in 2011, prosecutors filed contempt of court charges against Ms. Carbajal and Mr. Leal due to their alleged failure to appear at a hearing in violation of subpoenas. Prosecutors later moved to dismiss these charges. Ms. Carbajal and Mr. Leal now claim that various Defendants engaged in malicious prosecution and abused the criminal process by pursuing these charges.

The magistrate judge recommended that all claims against all parties be dismissed at the pleading stage, with the lone exception of the excessive force claim against Deputy Keefer in his individual capacity. The district judge adopted this recommendation and granted dismissal of some claims under Rule 12(b)(1) and the remainder under Rule 12(b)(6). Deputy Keefer then sought dismissal of the remaining claim based on Mr. Carbajal's failure to exhaust applicable administrative remedies. The district court

5

held an evidentiary hearing on Deputy Keefer's request and found that Mr. Carbajal did not exhaust his administrative remedies. This appeal followed.

Mr. Carbajal filed a motion to proceed on appeal without prepayment of costs and fees. We then issued an order to show cause why this appeal should not be dismissed as to Mr. Carbajal due to his failure to pay the filing fee as required by 28 U.S.C. § 1915(b)(1), given Mr. Carbajal's possible prior "strikes" under the Prison Litigation Reform Act of 1995 (PLRA).[3]

## II. Discussion

### A. Mr. Carbajal's PLRA Strikes

Before addressing Mr. Carbajal's appeal, we consider whether he has accumulated three strikes and must first prepay the appellate filing fee.

Congress passed the PLRA to address the "sharp rise in prisoner litigation in the federal courts." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). The PLRA included several measures "designed to prevent sportive filings in federal court." *Skinner v. Switzer*, 562 U.S. 521, 535 (2011). Under the PLRA, prisoners obtain a "strike" against them for purposes of future *in forma pauperis* eligibility when their "action or appeal in a court of the United States . . . was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(g); *see also Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013). Once a prisoner accumulates three strikes, he must prepay the entire filing fee before

---

[3] Ms. Carbajal and Mr. Leal filed their own motions to proceed *in forma pauperis*. None of the appellants has paid the filing fee.

6

federal courts may consider his civil actions and appeals. *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1175–76 (10th Cir. 2011), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).

In our order to show cause, we identified five possible prior strikes against Mr. Carbajal.

### 1. *Carbajal v. City & County of Denver*

In *Carbajal v. City & County of Denver*, No. 1:11-cv-02826-LTB (D. Colo. Feb. 23, 2012), the district court dismissed Mr. Carbajal's action under Fed. R. Civ. P. 41(b) for failure to comply with Fed. R. Civ. P. 8 after providing him with two chances to amend his complaint to rectify the issues identified by the court. *See Carbajal v. City & Cty. of Denver*, 502 F. App'x 715, 716 (10th Cir. 2012). Ordinarily, dismissal for failure to prosecute under Rule 41(b) does not count as a strike under § 1915(g), s*ee Hafed*, 635 F.3d at 1179, and we decline to assess one against Mr. Carbajal related to case No. 1:11-cv-02826.

### 2. *Carbajal v. Hotsenpiller*

In *Carbajal v. Hotsenpiller*, No. 1:12-cv-02007-LTB (D. Colo. Sept. 5, 2012), Mr. Carbajal "filed a § 1983 complaint in federal district court asserting five claims against numerous individuals involved in his state case." *Carbajal v. Hotsenpiller*, 524 F. App'x 425, 427 (10th Cir. 2013). "The district court held that three of the claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on those claims would imply the invalidity of his state convictions." 524 F. App'x at 427 (parallel citations omitted). The district court dismissed Mr. Carbajal's

7

remaining two claims under *Younger v. Harris*, 401 U.S. 37 (1971), which mandates that federal courts abstain from hearing certain claims that involve important state interests and could be brought in a pending state proceeding. *See* 524 F. App'x at 427–28. While the Tenth Circuit has not yet addressed the issue, the Ninth Circuit has held that a *Younger* dismissal does not count as a strike because such a dismissal is comparable to a dismissal for lack of subject matter jurisdiction. *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1058 (9th Cir. 2016). A dismissal generally only counts as a strike if all claims in the action are dismissed on a § 1915(g) ground. *Thomas v. Parker*, 672 F.3d 1182, 1183 (10th Cir. 2012). Because the district court dismissed some of the claims in case No. 1:12-cv-02007 under *Younger*, we decline to assess a strike for this dismissal. *Cf. id.* at 1184 (holding unexhausted claims do not preclude assessing a strike).

### 3. *Carbajal v. Holman*

In *Carbajal v. Holman*, No. 1:12-cv-00205-LTB (D. Colo. Mar. 27, 2012), the district court dismissed all Mr. Carbajal's claims under *Younger*. We affirmed the district court's *Younger* dismissal as to most claims but affirmed its dismissal of other claims on the alternative grounds that Mr. Carbajal failed to state a claim upon which relief could be granted and remanded for dismissal of those claims with prejudice. *See Carbajal v. Holman*, No. 12-1152, slip op. at 3 (10th Cir. Sept. 25, 2012) (unpublished). Since we affirmed the district court's dismissal of some of the claims in case No. 1:12-cv-00205 under *Younger*, we decline to assess a strike for this dismissal.

8

### 4. *Carbajal v. Denver County Board of County Commissioners*

In *Carbajal v. Denver County Board of County Commissioners*, No. 1:08-cv-02679-ZLW-BNB (D. Colo. Mar. 20, 2009), the district court dismissed the case at Mr. Carbajal's request. A voluntary dismissal does not count as a PLRA strike. *See Hafed*, 635 F.3d at 1176 (stating that, under the PLRA, a dismissal counts as a strike when an action or appeal "is dismissed as frivolous, as malicious, or for failure to state a claim").

### 5. *Carbajal v. O'Neill*

We dismissed Mr. Carbajal's appeal in *Carbajal v. O'Neill*, 694 F. App'x 666 (10th Cir. 2017), as frivolous and expressly "assess[ed] one 'strike.'" *Id.* at 669.

Carbajal had one strike prior to filing this appeal and we therefore will not dismiss it under the PLRA.

## B. Malicious Prosecution Claims

### 1. Legal Framework

#### a. Malicious Prosecution

Under our cases, a § 1983 malicious prosecution claim includes the following elements: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages.

*Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008). "A malicious-prosecution claim is not cognizable until all the elements are satisfied." *Margheim v. Buljko*, 855 F.3d 1077, 1085 (10th Cir. 2017) (internal quotation marks omitted).

9

### b. Pleading Standards

We review a district court's dismissal for failure to state a claim under Rule 12(b)(6) de novo. In so doing, we accept all of [a plaintiff's] well-pleaded allegations as true and view them in the light most favorable to [the plaintiff].

But before we accept [a plaintiff's] allegations as true, they must be *well-pleaded* allegations. Determining whether a complaint contains well-pleaded facts sufficient to state a claim is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. The court must determine whether the plaintiff has pleaded enough facts to state a claim to relief that is plausible on its face, not just conceivable. Though a complaint need not provide detailed factual allegations, it must give just enough factual detail to provide fair notice of what the claim is and the grounds upon which it rests. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not count as well-pleaded facts. If, in the end, a plaintiff's well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint fails to state a claim.

*Warnick v. Cooley*, 895 F.3d 746, 750–51 (10th Cir. 2018) (citations, ellipsis, and internal quotation marks omitted).

### c. Prosecutorial Immunity

"State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions." *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) (emphasis, ellipsis, and internal quotation marks omitted). They enjoy such immunity even if it leaves "the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). But "[a] prosecutor's administrative duties and those investigatory functions that do not relate

10

to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). For example, a prosecutor is not entitled to immunity "when [she] is acting as a witness rather than an advocate." *Nielander v. Bd. of Cty. Comm'rs*, 582 F.3d 1155, 1164 (10th Cir. 2009).

"We review *de novo* a district court's conclusion on the question of absolute immunity." *Gagan*, 35 F.3d at 1475.

### 2. Malicious Prosecution: Contempt

The operative complaint avers that the prosecutors' actions in bringing contempt of court charges against Ms. Carbajal and Mr. Leal violated their Fourth and Fourteenth Amendment rights. According to Plaintiffs:

> The prosecution . . . worked . . . to manufacture false contempt charges, premised on the fallacy that Mr. Leal and Ms. Carbajal refused to appear at trial to testify pursuant to a subpoena. In furtherance of this conspiracy Melnick presented false information ex parte to the Court and in an affidavit stating that Ms. Carbajal and Mr. Leal failed to comply with a subpoena and appear at court for needed testimony, and intentionally omitted information that no trial existed . . . .

R. Vol. III at 97.

The district court found that "the only non-conclusory allegations relevant to [this] claim[]" concerned prosecutor Melnick's actions in securing warrants to arrest Ms. Carbajal and Mr. Leal. *Id.* Vol. IV at 240 & n.8. And the court concluded that prosecutor Melnick is entitled to absolute prosecutorial immunity for those actions because they were "'intimately associated with the judicial phase of the criminal process.'" *Id.* (quoting *Imbler*, 424 U.S. at 430). Plaintiffs argue that the district

11

court erred because the prosecutors "acted as investigators and complaining witnesses." Aplt. Opening Br. at 13. In particular, they point out that the complaint alleges prosecutor "Melnick presented false information . . . to the Court . . . in an affidavit." *Id.* (quoting R. Vol. III at 97). The Supreme Court held in *Kalina v. Fletcher*, 522 U.S. 118, 125–31 (1997), that prosecutors do not have absolute prosecutorial immunity for their acts as a witness. While we generally agree with the district court's conclusion, we reverse the district court's application of the doctrine of prosecutorial immunity to the alleged testimony by prosecutor Melnick and remand for further proceedings on this claim.[4]

### 3. Malicious Prosecution: Burglary

The complaint also avers that the prosecutors and Detective Hagan violated Mr. Carbajal's Fourth and Fourteenth Amendment rights by bringing false burglary charges against Mr. Carbajal.

### a. Prosecutors

The district court dismissed this claim with respect to the prosecutor Defendants by applying the doctrine of prosecutorial immunity.

Mr. Carbajal argues that the district court incorrectly found that the prosecutors' actions fell within the bounds of absolute immunity by pointing to

---

[4] To the extent Plaintiffs claim prosecutor Melnick violated their constitutional rights by presenting an allegedly false affidavit sworn to by someone else, she enjoys absolute prosecutorial immunity from that claim. *See, e.g.*, *Imbler*, 424 U.S. at 413–17, 431 (affirming application of prosecutorial immunity where the prosecutor knowingly used perjured testimony).

several actions he claims fell outside "the aegis of absolute immunity." *Buckley*, 509 U.S. at 276. But the prosecutors took the actions Mr. Carbajal decries after they filed numerous charges against Mr. Carbajal and "within the continuum of initiating and presenting a criminal case." *Warnick*, 895 F.3d at 751 (internal quotation marks omitted). These include the initiation of allegedly "groundless" additional charges, R. Vol. III at 104, and the presentation of allegedly "false . . . and perjurious testimony," *id.*, all with the alleged "intent and understanding to wrongfully prosecute Mr. Carbajal," *id. Cf. Williams v. Hartje*, 827 F.2d 1203, 1209 (8th Cir. 1987) ("The decision of a prosecutor to file criminal charges is within the set of core functions which is protected by absolute immunity. This is so even if the prosecutor makes that decision in a consciously malicious manner, or vindictively, or without adequate investigation, or in excess of his jurisdiction." (citation omitted)).

To the extent Mr. Carbajal identifies prosecutorial actions that arguably fall outside the aegis of absolute immunity, his non-specific conclusory allegations fail to state a claim upon which relief can be granted. For example, the complaint avers that the prosecutors "systematically manufacture[d] inculpatory evidence" and "conspire[d] to fabricate probable cause." R. Vol. III at 104.[5] But Mr. Carbajal

---

[5] In their opening brief, plaintiffs also argue that absolute immunity does not extend to the prosecutors' actions in (1) "participat[ing] in and providing . . . legal advice to investigators," (2) "investigat[ing] [the] burglary charge and questioning . . . Holguin," (3) "prepar[ing] and review[ing] . . . affidavits supporting probable cause," (4) "prepar[ing] and review[ing] . . . affidavits for [a] search warrant" and "participat[ing] in the search," (5) "destr[oying] . . . notes . . . that supported Mr. Carbajal's innocence and entrapment by Holguin," and (6) "harassing and intimidat[ing] . . . witnesses to deter their exposure of Holguin's extortionate

13

fails to identify any inculpatory evidence the prosecutors manufactured. Nor does he explain how they conspired to fabricate probable cause. "The prosecutors cannot reasonably respond to such a conclusory assertion of misdeeds." *Warnick*, 895 F.3d at 753.

### b. Detective Hagan

The district court dismissed the burglary-related malicious prosecution count against Detective Hagan by applying the doctrine of qualified immunity.

"The doctrine of qualified immunity shields government officials performing discretionary functions from liability for damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Boles v. Neet*, 486 F.3d 1177, 1180 (10th Cir. 2007) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Police officers such as Detective Hagan generally do not violate a defendant's constitutional rights via malicious prosecution because "the chain of causation is broken by an indictment." *Taylor v. Meacham*, 82 F.3d 1556, 1564 (10th Cir. 1996) (internal quotation marks omitted). But they can be liable for malicious prosecution if they misrepresent facts or conceal them from the prosecutor. *See Pierce v. Gilchrist*, 359 F.3d 1279, 1292

---

activities and illegal accessing of Plaintiffs' Wells Fargo accounts." Aplt. Opening Br. at 15–16. Plaintiffs do not cite to their complaint or otherwise specify where these allegations are contained therein. Moreover, we could not locate these allegations in their complaint. Thus, we will not consider these allegations. *See Phillips v. James*, 422 F.3d 1075, 1081 (10th Cir. 2005) (observing that in the absence of references to the record in a party's brief, the court "will not sift through the record to find support for" the claimant's arguments).

(10th Cir. 2004).  We review de novo a district court's conclusion on the question of qualified immunity.  *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010).

The district court found that "Mr. Carbajal has failed to make anything other than conclusory allegations that [Detective] Hagan misrepresented or concealed facts from the prosecutors."  R. Vol. IV at 165.  While Mr. Carbajal summarily challenges this conclusion on appeal, he does not explain why it is wrong, nor does he cite to specific alleged facts from the complaint that would undermine it.  Accordingly, we affirm the district court's conclusion.

## C. Abuse of Process Claims

The district court dismissed each of the complaint's abuse of process claims as untimely.

 "A hodgepodge of state and federal law governs the timeliness of claims under 42 U.S.C. § 1983."  *Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008).  Federal law determines when "the claim accrues and the limitations period starts to run."  *Id.*  But the length of the limitations period "is drawn from the personal-injury statute of the state in which the federal district court sits."  *Id.*  State law also "governs any tolling of that period, except that federal law might also allow additional equitable tolling in rare circumstances."  *Id.* (citation omitted).

"We have made clear that the statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued."  *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006).  "A § 1983 action accrues when facts that would support a cause of action are or should be apparent."  *Id.* (internal quotation marks

15

omitted).  But a plaintiff does not need to "know all of the evidence ultimately relied on for the cause of action to accrue."  *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993).  And "a plaintiff must use reasonable diligence in seeking to discover facts giving rise to a claim for relief."  *Alexander v. Oklahoma*, 382 F.3d 1206, 1216 (10th Cir. 2004).

 "While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute."  *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). "We review de novo the dismissal of an action under Rule 12(b)(6) based on the statute of limitations."  *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010).

### a. Abuse of Process Based on Filing of "Shell" Cases

Plaintiffs claim that the prosecutor Defendants abused the criminal process by initially asserting criminal charges against Mr. Carbajal via the so-called "shell" cases filed in August 2010 in Denver County Court.  Aplt. Opening Br. at 19.  The complaint does not allege that Mr. Carbajal failed to receive notice of the cases' commencement and even alleges that Mr. Carbajal "timely filed a motion for a preliminary hearing" in these cases.  R. Vol. III at 93.  It further notes that the cases were all dismissed by September 24, 2010.

Any abuse of process claim related to these cases accrued, at the latest, in September 2010 when the court dismissed the last case.  Because Plaintiffs filed the

16

initial complaint in this action on December 8, 2012,[6] this abuse of process claim accrued outside of the two-year limitations period and the district court properly dismissed it on statute of limitations grounds.

Mr. Carbajal argues on appeal that the district judge should have equitably tolled the statute of limitations because the prosecutor Defendants concealed their abuse of process from him by failing to notify him when the cases were dismissed. But he does not provide us with any citation showing he made this argument in the district court and our review of the record convinces us that he did not make a "timely and specific" objection to the magistrate judge's failure to apply equitable tolling. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). He therefore did not preserve this issue for review, and we conclude that the interests of justice do not dictate lifting the bar of appellate review here. *See id.* at 1060–61.

Mr. Carbajal further argues for the first time on appeal that the limitations period to bring this claim was tolled during the pendency of a prior action that allegedly included this claim before being dismissed without prejudice due to plaintiffs' failure to comply with Fed. R. Civ. P. 8.[7]

---

[6] The district court found that Plaintiffs filed the initial complaint on December 8, 2012, by applying the prison mailbox rule. No party disputes this finding.

[7] Mr. Carbajal seeks plain error review of the district court's failure to adopt this argument. *See, e.g.*, *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011) ("If a newly raised legal theory is entitled to appellate review at all . . . it may form a basis for *reversal* only if the appellant can satisfy the elements of the plain error standard of review.").

> Generally, when a statute does not specifically allow for the tolling of a statute of limitations during the pendency of a prior action, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice as to him.

*King v. W. R. Hall Transp. & Storage Co.*, 641 P.2d 916, 920 (Colo. 1982); *see also*

*SMLL, L.L.C. v. Peak Nat'l Bank*, 111 P.3d 563, 565 (Colo. App. 2005) ("Absent a

specific statutory provision, Colorado law does not allow for the tolling of a statute of

limitations during the pendency of a prior action."). *Cf. Wallace v. Kato*, 549 U.S. 384,

396 (2007) (rejecting argument that "equitable tolling should apply so long as the

issues that a § 1983 claim would raise are being pursued in state court" (brackets and

internal quotation marks omitted)). Mr. Carbajal does not cite a statutory provision that

would toll the limitations period in these circumstances and our independent research has

not uncovered one.[8]

### b. Abuse of Process Based on Burglary Charge

Plaintiffs further claim that the Defendants Hagan, Watts, Mullin, Melnick, and

Morrissey[9] abused the criminal process by filing an allegedly frivolous burglary charge

---

[8] Colorado does have a savings statute that extends the limitations period by 90 days, but it only applies where the prior action "is terminated because of lack of jurisdiction or improper venue." Colo. Rev. Stat. § 13-80-111(1).

[9] The complaint also names Judge Mansfield as a Defendant on this charge. In their reply in support of their motion to file an oversize opening brief, Plaintiffs clarified that they "have only appealed claims directed at the Denver and Prosecution Defendants." Reply to Defs. Resp. to Court's Order at 1. Judge Mansfield and others then filed unopposed motions to dismiss this appeal as it pertains to them but did not file substantive opposing briefs. We treat Plaintiffs' statement as a waiver of their claims

18

against Mr. Carbajal.  The magistrate judge held that the statute of limitations barred this claim because the "allegations underlying this claim revolve around events primarily occurring in July 2010."  R. Vol. IV at 197.  Mr. Carbajal argues on appeal that while the alleged burglary took place in July 2010, prosecutors did not file the criminal charge that undergirds his abuse of process claim until February 17, 2011.  But he does not provide us with any citation showing he made this argument to the district judge and our review of the record convinces us that he did not make a "timely and specific" objection to the magistrate judge's finding on this claim.  2121 E. 30th St., 73 F.3d at 1060.  He therefore did not preserve this issue for review.

We could nonetheless consider this issue on appeal if we concluded that the interests of justice demanded it.  *See id.* at 1060–61.  In determining whether the interests of justice warrant lifting the bar to appellate review, we consider several factors, including "a *pro se* litigant's effort to comply [with the requirement to make a timely and specific objection to the magistrate judge's report], the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised," *Morales-Fernandez v. INS*, 418 F.3d 1116, 1120 (10th Cir. 2005), "as well as the merits of the claims asserted," *Wirsching v. Colorado*, 360 F.3d 1191, 1197 (10th Cir. 2004). Mr. Carbajal apparently made no effort to comply and does not provide any explanation for his failure to comply.  He also does not make any argument about the importance of

---

against Judge Mansfield.  *See United States v. McGehee*, 672 F.3d 860, 873 (10th Cir. 2012) ("[A] party that has *waived* a right is not entitled to appellate relief.").

the issues raised or the merits of his claim, which largely relies on the same alleged facts as the malicious prosecution claim that the district court dismissed by applying the doctrines of prosecutorial and qualified immunity. Thus, we conclude that the interests of justice do not warrant lifting the bar to appellate review.

**D. Excessive Force Claims Against Prosecutor Mullin and Investigator Watts**

The complaint alleges:

> Watts, Mullin and Keefer conversed, by Mr. Carbajal, about the fact that he was proceeding pro se, and agreed to retaliate against Mr. Carbajal through the use of force and harassment, and in furtherance of this shared mind set [sic] to prevent Mr. Carbajal from fairly defending his innocence . . . Keefer began to physically abuse Mr. Carbajal and harass him.

R. Vol. III at 93.

The district court found that "there are no allegations that [prosecutor] Mullin or [investigator] Watts personally used any force against [Mr. Carbajal] or inflicted any injury on him." *Id.* Vol. IV at 179. It concluded that the complaint "fail[s] to state a constitutional claim against Defendants Mullin and Watts and that they are therefore entitled to qualified immunity." *Id.* at 180.

Mr. Carbajal argues that prosecutor Mullin and investigator Watts violated his constitutional rights because they conspired with Deputy Keefer to do so. "Allegations of conspiracy may, indeed, form the basis of a § 1983 claim. However, a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (citation omitted). The complaint does not allege that prosecutor Mullin or investigator Watts took any actions in furtherance of the supposed conspiracy. We therefore reject

20

Mr. Carbajal's argument because the complaint fails to allege concerted action amongst the Defendants.

Mr. Carbajal further argues that prosecutor Mullin and investigator Watts "'set in motion a series of events' that they knew or reasonably should have known would cause the deprivation of [his] civil rights." Aplt. Opening Br. at 21 (quoting *Bruner v. Baker*, 506 F.3d 1021, 1026 (10th Cir. 2007)). But he does not challenge the district court's finding that "there are no allegations that prosecutor Mullin or investigator Watts had any authority over Deputy Keefer to order him to use force against Mr. Carbajal," R. Vol. IV at 180, and the complaint does not otherwise allege that Mullin or Watts caused Keefer to use excessive force against Mr. Carbajal. *See Porro v. Barnes*, 624 F.3d 1322, 1327 (10th Cir. 2010) ("[I]n order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation of a constitutional right must be established." (internal quotation marks omitted)). We affirm the district court's dismissal of the excessive force claims asserted against prosecutor Mullin and investigator Watts.

**E. Leave to Amend**

Plaintiffs claim the district court erred by denying their request for leave to amend the complaint. According to Plaintiffs, "this case was originally filed" as case number 11-CV-2826. Aplt. Opening Br. at 20. In that case:

> A magistrate judge reviewed Plaintiffs' first amended complaint and found it confusing, prolix, and repetitive, and Plaintiffs were accordingly ordered to file an amended complaint that complied with the pleading requirements of Rule 8. However, Plaintiffs' second amended complaint failed to resolve these concerns to the district court's satisfaction. The court concluded that the second amended complaint still failed to give Defendants fair notice of the specific claims asserted against them because

21

it was prolix, confusing, and conclusory, and failed to provide specific allegations regarding how each named Defendant allegedly violated Plaintiffs' rights. The court therefore dismissed the action without prejudice.

*Carbajal v. City & Cty. of Denver*, 502 F. App'x at 716. And we affirmed the district court's dismissal of the case. *Id.* at 717.

Here, Plaintiffs are on their fourth iteration of their complaint—meaning that between the two cases, they have filed six versions to date. Focusing only on the four versions filed in this case, the district court observed that Plaintiffs' "continuing failure to meet the relatively minimal pleading standards of Rules 12(b) and 8(a) suggests the futility of further amendment and counsels dismissal of their claims with prejudice." R. Vol. IV at 242.

"[D]istrict courts may withhold leave to amend only for reasons such as . . . repeated failure to cure deficiencies by amendments previously allowed . . . or futility of the amendment." *Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010) (internal quotation marks omitted); *see also Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) ("[A] dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." (internal quotation marks omitted)). We review a district court's decision to deny leave to amend a complaint for an abuse of discretion. *See, e.g.*, *Cohen*, 621 F.3d at 1313.

We agree with the district court's assessment that allowing any further amendments to the complaint would be futile. We therefore affirm the district court's denial of leave to amend.

22

## F.  *Monell* Claims

The complaint asserts claims against Defendants Keefer, Simpson, Lopez, Hagan, and McCann in their official capacities.[10]  These § 1983 official-capacity claims "represent only another way of pleading an action against [the] entity of which [these individuals are] an agent."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978).  Plaintiffs argue that the district court "erred in finding that the complaint failed to state a plausible *Monell* claim against Denver and 2nd [sic] Judicial District."  Aplt. Opening Br. at 22.

"A municipality is not liable solely because its employees caused injury.  Rather, a plaintiff asserting a § 1983 claim must show 1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged."  *Mocek v. City of Albuquerque*, 813 F.3d 912, 933 (10th Cir. 2015) (citation and internal quotation marks omitted).  A plaintiff can demonstrate that a challenged practice constitutes an official policy or custom for § 1983 municipal-liability purposes by pointing to:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or

---

[10] The complaint also asserts official-capacity claims against Defendants Flesche, Mansfield, Martinez, and Weiser, but Plaintiffs do not appeal the district court's dismissal of their claims against these Defendants.

23

> supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (internal quotation marks omitted). "Through 'its *deliberate* conduct,' the municipality must have been the 'moving force' behind the injury." *Mocek*, 813 F.3d at 933 (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)).

Defendants Keefer, Simpson, Lopez, and Hagan are agents of the City and County of Denver. The complaint makes a variety of conclusory allegations such as those that Denver had a "policy, custom, and/or practice of suppressing and/or destroying material evidence to gain an unfair advantage" and a "policy, custom and/or practice of covering up official misconduct to avoid civil liability, which[] has fostered a culture of misconduct and an environment where such illegal and unconstitutional behavior is approved and condoned." R. Vol. III at 102. The complaint resembles the one we found lacking in *Mocek* in that it "cites no particular facts in support of these 'threadbare recitals of the elements of a cause of action.'" 813 F.3d at 934 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Indeed, "[a]side from conclusory statements, no allegations in the complaint give rise to an inference that the municipality itself established a deliberate policy or custom that caused [Plaintiffs'] injuries. Consequently, the complaint 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

24

Defendant McCann is the District Attorney for the Second Judicial District. Our binding precedent holds that district attorneys' offices in Colorado enjoy Eleventh Amendment immunity. *See Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir. 1989).

Plaintiffs ask us to overturn this precedent by looking to *Davidson v. Sandstrom*, 83 P.3d 648, 656 (Colo. 2004), where the Colorado Supreme Court held that the state's *judicial districts* (not the district attorneys assigned to them) are political subdivisions of the state.[11] But in *Davidson* the court did not question its prior decisions uniformly describing a Colorado district attorney as a "state public officer," *Tisdel v. Bd. of Cty. Comm'rs*, 621 P.2d 1357, 1361 (Colo. 1980), who "belongs to the executive branch," *People ex rel. VanMeveren v. Dist. Ct.*, 527 P.2d 50, 52 (Colo. 1974). *Accord*, *e.g.*, *Free Speech Def. Comm. v. Thomas*, 80 P.3d 935, 937 (Colo. App. 2003); *Anderson v. Cty. of Adams*, 592 P.2d 3, 4 (Colo. App. 1978). Neither did the court question Colorado statutes expressly providing that district attorneys appear on "behalf of the state" and may appear in court outside their particular districts "on behalf of" and "represent[ing] the people of the state of Colorado" as a whole. Colo. Rev. Stat. § 20-1-102(1), (3). In fact, the court favorably quoted a passage from an earlier Colorado Supreme Court case holding squarely that "[t]he district attorney is an executive officer of the state." *Davidson*, 83 P.3d at 655 (quoting *Beacom v. Bd. of Cty. Comm'rs*, 657 P.2d 440, 445 (Colo. 1983)). We cited this same language as support for our conclusion in *Rozek*. *See*

---

[11] Political subdivisions of the state do not enjoy Eleventh Amendment immunity. *See Steadfast Ins. v. Agric. Ins.*, 507 F.3d 1250, 1253 (10th Cir. 2007).

865 F.2d at 1158. Because *Davidson* did not undermine extensive pre-existing Colorado law that supports our holding in *Rozek*, Plaintiffs' argument fails. The claims against District Attorney McCann in her official capacity are therefore barred by the Eleventh Amendment.

## G. Exhaustion

Following an evidentiary hearing, the district court found that Mr. Carbajal failed to exhaust his administrative remedies with respect to his excessive force claim against Deputy Keefer. We review the district court's conclusions of law regarding exhaustion de novo, *see Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002), but must accept the district court's factual findings unless they are clearly erroneous, *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).

### 1. Mr. Carbajal's Motion for a Free Transcript

Mr. Carbajal did not provide us with a transcript of the district court's evidentiary hearing. He instead filed a motion under 28 U.S.C. § 753(f) seeking a free copy of the transcript. Deputy Keefer opposed this motion but provided us with a copy of the portion of the transcript containing the district court's ruling.

Section 753(f) provides that "[f]ees for transcripts furnished in . . . proceedings to persons permitted to appeal in forma pauperis shall . . . be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." We recognize that it is difficult for courts and litigants to decide whether a substantial question is presented unless the complete record is available. *See Lee v. Habib*, 424 F.2d 891, 904–05 (D.C. Cir. 1970); *Jaffe v. United States*, 246 F.2d

26

760, 762 (2d Cir. 1957). Nonetheless, we consider the portion of the transcript we have, the district court filings in the record, and Mr. Carbajal's appellate briefs when determining whether he presented a substantial question. *See Rhodes v. Corps of Eng'rs of U.S. Army*, 589 F.2d 358, 359–60 (8th Cir. 1978) (per curiam). Having reviewed these materials, we conclude that Mr. Carbajal's appeal from the evidentiary hearing does not present a substantial question and we therefore deny his motion for a free transcript.

## 2. Application of the PLRA

Mr. Carbajal argues that the district court erred by requiring that he exhaust his administrative remedies in accordance with the PLRA because the PLRA does not apply to his excessive force claims. "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The exhaustion requirement extends to pretrial detainees because the definition of a prisoner includes "any person . . . detained in any facility who is accused of . . . violations of criminal law." 42 U.S.C. § 1997e(h).

Although the alleged use of excessive force occurred in a holding cell, Mr. Carbajal asserts that the PLRA does not apply because Deputy Keefer's motivation for using excessive force did not relate to his status as a prisoner. We reject this argument as contrary to the above-cited authority, which holds that the PLRA applies to all claims of excessive force pressed by prisoners.

27

### 3. Judicial Factfinding

Mr. Carbajal next claims that the district court erred by acting as a factfinder with respect to whether he exhausted his administrative remedies. Every circuit that has considered the issue agrees that "judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury." *Small v. Camden Cty.*, 728 F.3d 265, 271 (3d Cir. 2013); *see also, e.g.*, *Lee v. Willey*, 789 F.3d 673, 677–78 (6th Cir. 2015) (collecting cases). We agree with our sister circuits.

### 4. Hearing Fairness

Mr. Carbajal avers that the district court denied him a fair hearing by excluding two witnesses and unreasonably curtailing his time to present a case-in-chief. "The decision to allow or prohibit testimony of witnesses . . . rests with the sound discretion of the trial judge and will not be disturbed absent an abuse of discretion." *Moss v. Feldmeyer*, 979 F.2d 1454, 1458–59 (10th Cir. 1992). And a "trial court's discretionary decisions relating to the orderly presentation of evidence will not be disturbed absent a manifest injustice to the parties." *United States v. Rodebaugh*, 798 F.3d 1281, 1294 (10th Cir. 2015) (internal quotation marks omitted).

Mr. Carbajal does not articulate a reasoned argument that the district court erred by excluding testimony from the witnesses he sought to examine—stating only that the court "unfairly granted" motions to quash subpoenas issued to them. Aplt. Opening Br. at 29. This "perfunctory" allegation of error is insufficient "to invoke appellate review." *Kelley v. City of Albuquerque*, 542 F.3d 802, 819 (10th Cir. 2008) (internal quotation marks omitted).

Regarding the court's allocation of time at the hearing, the record shows that the court admitted documentary evidence presented by both sides and that each side devoted about an hour-and-a-half to questioning witnesses. *See* R. Vol. V at 459–61. Mr. Carbajal does not explain how the court's conclusions would be undermined by any additional evidence he would have presented if he were given more time. We are not persuaded that the district court's courtroom management resulted in manifest injustice to Mr. Carbajal.

### 5. Findings of Fact

Mr. Carbajal argues that the district court erred by failing to find that the Denver Sheriff's Department's actions and inactions effectively prevented him from exhausting his administrative remedies or that he did exhaust his administrative remedies. But Mr. Carbajal simply re-hashes the arguments he presented to the district court and does not explain why the district court's findings that he could have exhausted his administrative remedies but simply failed to do so are clearly erroneous. We have reviewed the evidence presented and the district court's reasoned assessment of the evidence and conclude that the district court did not err in making its findings of fact.

## III. Conclusion

We reverse the district court's application of the doctrine of prosecutorial immunity to dismiss the claims brought by Ms. Carbajal and Mr. Leal against prosecutor Melnick for malicious prosecution related to the contempt of court charges prosecutors filed against them, and we remand this case for further proceedings with respect to these

claims. We affirm the district court's dismissal of all other claims against all other parties.

We deny Mr. Carbajal's motion for a free transcript of the proceedings held on February 23, 2018. We grant Mr. Carbajal's motion to proceed without prepayment of costs and fees. We grant both Ms. Carbajal's and Mr. Leal's motions to proceed in forma pauperis. Finally, we deny as moot the motions to dismiss this appeal filed by Defendants (1) Flesche, Mansfield, Martinez, and Weiser; (2) Berardini; and (3) Dwyer, Kavanaugh, Wells Fargo Bank N.A., and Williams.

Entered for the Court


Nancy L. Moritz
Circuit Judge
